Johnson Ford Company, Inc., Plaintiff-Counter-Defendant, Appellant, v. Philip Lewan, Defendant-Counter-Plaintiff, Appellee.

Gen. No. 51,075.

First District, Fourth Division.

June 3, 1966.

William S. Blatt, of Chicago, for appellant.

George D. Karcazes, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

The motion now before us is that of defendant to strike a document entitled "Statement of Facts" filed by plaintiff in the trial court as part of the record in this case.[1] The "Statement of Facts" bears a certification by the trial judge that it is a "correct, full and true statement of the facts material to" the controversy, and indicates that it may be incorporated in the record on appeal in lieu of a report of proceedings.

 In the trial court plaintiff gave due notice to defendant that on December 21, 1965, it would move for certification of the "Statement of Facts" by the trial judge. On that date an order was entered which did not purport to continue the motion to a later date, but rather purported only to "extend the time for approving and filing of Statement of Facts to December 27th, 1965." This does not have the same effect. The establishment of a time within which a document may be presented for approval and filing does not automatically bring the matter before the court on the last day of the authorized period. A motion must be made for that purpose, and on due notice.

---

[1] The same case was in this court before on routine appeal under Number 50,607. On June 28, 1965, that appeal was dismissed for failure to file the record in proper time under Supreme Court Rule 36. Ill Rev Stats (1963), c 110, § 101.36.

Thereafter, on March 7, 1966, we allowed plaintiff's petition for leave to file notice of appeal instanter under section 76 of the Civil Practice Act and Supreme Court Rule 29. Ill Rev Stats (1963), c 110, §§ 76 and 101.29.

■ When no order of continuance was entered, the validity of the original notice terminated, and no further notice was ever given. Consequently, when plaintiff, ex parte, presented the "Statement of Facts" for the court's approval on December 27, 1965, there was a failure of compliance with Circuit Court Rule 2.1 pertaining to notice. McFadden v. Wernecke, 35 Ill App2d 441, 183 NE 2d 181.

As to its contents, the "Statement of Facts" is governed by Supreme Court Rule 36.[2] Ill Rev Stats (1963), c 110, § 101.36. The document must be a report of proceedings setting forth the testimony, the rulings of the trial judge, etc., pursuant to paragraph (1)(c); or it must be a statement of facts agreed to by the parties on written stipulation, pursuant to paragraph (1)(d). The rule contemplates no other kind of document for preserving a record of the trial proceedings.

---

[2] That rule, in pertinent part, reads:

(1) Praecipe for Record; Report of Proceedings at the Trial.

. . . . . .

(c) Certification and filing of report of proceedings. This report of the proceedings at the trial, consisting of the rulings of the trial judge, the testimony, all other matters upon which rulings were made, and any other proceedings before the trial judge which the appellant desires to incorporate in the record on appeal, shall be procured by the appellant and submitted to the trial judge . . . and filed, duly certified, in the trial court within 50 days after the notice of appeal shall have been filed.

. . . . . .

(d) Agreed statement of facts. In lieu of a report of proceedings, the parties may by written stipulation agree upon a statement of the facts material to the controversy and present the statement to any judge qualified to certify to the correctness of a report of the proceedings in said case, for his certificate of correctness, and file the same, duly certified, in the trial court within 50 days after the notice of appeal shall have been filed, . . . .

■ The "Statement of Facts" filed in this case is a narrative statement which does not purport to show the testimony as such, nor the names of any witnesses, nor what any particular witness testified to, nor any objections of counsel, nor any rulings of the trial judge (other than the judgment). In short, it obviously does not purport to comply with Rule 36(1)(c) as a report of proceedings.

The record also discloses that the "Statement of Facts" was not stipulated or agreed to by defendant, so it does not qualify as an agreed statement of facts under Rule 36(1)(d).

The document, therefore, has no standing, and defendant's motion to strike it is allowed. Feldman v. Munizzo, 16 Ill App2d 58, 64, 147 NE2d 427.

■ Since the time for filing a proper report of proceedings or agreed statement of facts has expired, and since the only errors relied on for reversal would require consideration of the trial court proceedings, the judgment of the Circuit Court is affirmed. Early v. Early, 13 Ill App2d 394, 141 NE2d 758; Williamson v. Williamson, 11 Ill App2d 572, 138 NE2d 80.

Affirmed.

DRUCKER, P. J. and McCORMICK, J., concur.