THE CITY OF PEKIN, Plaintiff-Appellee, *v.* MERLE E. MANN,
Defendant-Appellant.

Third District   No. 75-170

Opinion filed November 30, 1976.

Koos & Koos, of Peoria (Elmo Koos, of counsel), for appellant.

William F. Morris, of Pekin, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of guilty entered by the Circuit Court of Tazewell County against the defendant, Merle E. Mann, after trial without jury on the charge of driving while under the influence of intoxicants in violation of section 14—802 of the Municipal Code of the city of Pekin. The defendant was fined $200 plus costs.

During his trial the defendant represented himself pro se, however, after being adjudged guilty he employed counsel for the purpose of perfecting this appeal.

In this appeal the defendant attempts to raise the issue that the trial court erred in allowing testimony to be adduced that the defendant refused to consent to a breathalyzer test. We say advisedly that the defendant attempts to raise this issue, since the city of Pekin (hereinafter referred to as the "city"), has filed a motion to strike the defendant's report of proceedings. This motion was taken with the appeal, and arguments regarding it were heard during the oral arguments before the court. We will first direct our attention to this motion.

■■ In a case where no verbatim transcript of the evidence is available it is incumbent upon the defendant to prepare a "report of proceedings" which is frequently referred to as a "bystander's report." This report must be prepared in accordance with the requirements of Supreme Court Rule 323(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 323(c)). This rule requires that the report must be served within 14 days after notice of appeal is filed. In the instant case the defendant as appellant filed his report of proceedings 235 days after filing his notice of appeal. (See *Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 329 N.E.2d 550.) In *Belcher* a report of proceedings filed 30 days after notice of appeal was held not to be timely.

In the instant case the report of proceedings or purported "bystander's report" is also violative of Supreme Court Rule 323(c) in that it was never presented to the trial court for settlement or certification. A failure to so present constitutes fatal error. See *Belcher v. Spellman* (1975), 28 Ill. App. 3d 973, 329 N.E.2d 550; *Early v. Early* (1957), 13 Ill. App. 2d 394, 141 N.E.2d 758.

To permit an appellant to proceed in an appeal upon a bystander's report based solely upon his interpretation of the evidence and memory as to what happened during the trial, without acknowledgement by the appellee, and with complete disregard of the trial judge's duty to settle and certify the report serves to thwart the purpose and intent of Supreme Court Rule 323(c). In the instant case the defendant-appellant's attorney

was the only party signing the purported bystander's report, and it must be noted that he was not present at trial since defendant represented himself pro se.

■■ We refer to the report as a *purported* bystander's report. We use the word "purported" advisedly since the report is devoid of any report of evidence which would assist this court in determining this appeal. (See *Johnson Ford Co. v. Lewan* (1966), 71 Ill. App. 2d 420, 218 N.E.2d 893.) Counsel for the defendant argued that since he filed a post-trial motion for judgment for the defendant or in the alternative the granting of a new trial, then circumvention of Supreme Court Rule 323(c) is harmless error. We fail to follow this reasoning and are compelled to grant the city's motion to strike the report of proceedings and dismiss the appeal of the defendant.

Appeal dismissed.

STOUDER, P. J., and STENGEL, J., concur.