2016 IL App (2d) 150643
No. 2-15-0643
Opinion filed May 2, 2016

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* PARENTAGE OF G.E., a/k/a/ G.O., a Minor | ) ) ) ) ) ) | Appeal from the Circuit Court of Kane County. |
| | | No. 11-F-718 |
| (Michael N., Petitioner-Appellee, v. Nicole O., a/k/a Nicole E., Respondent-Appellant). | ) ) ) ) | Honorable Kathryn D. Karayannis, Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justices McLaren and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1   Respondent, Nicole O., appeals the judgments of the trial court declining to stay contempt proceedings brought against her by petitioner, Michael N., and holding her in civil contempt of court. We hold that the record is inadequate for our review, as the bystander's report submitted by respondent is not in compliance with the procedures set forth in Illinois Supreme Court Rule 323(c) (eff. Dec. 13, 2005) for the preparation and certification of a bystander's report. Therefore, we affirm.

¶ 2                              I. BACKGROUND

¶ 3   In September 2011, petitioner filed this parentage action, seeking joint custody of the parties' child, G.E. In her answer, respondent asked for sole custody of G.E. Later, respondent sought removal of G.E. to the State of Texas. In May 2013, following an evidentiary hearing,

the trial court granted respondent sole custody of G.E. and allowed her to remove the child to Texas. The parentage judgment provided for periodic visitation in Illinois, where petitioner continued to reside, and required respondent to facilitate the visitation at her expense.

¶ 4    Petitioner appealed the grant of sole custody and removal. This court affirmed. See *In re Parentage of G.E.*, 2014 IL App (2d) 140376-U.

¶ 5    On December 24, 2014, while petitioner's appeal was pending, he filed in the trial court a petition for a rule to show cause why respondent should not be held in contempt of court for failing to bring G.E. to Illinois for Thanksgiving vacation in 2014. Petitioner's counsel withdrew in December 2014 and petitioner remained *pro se* for the balance of the proceedings below prior to this second appeal.

¶ 6    Respondent replied to the show-cause petition by moving to stay proceedings pursuant to section 207(a) of the Uniform Child-Custody Jurisdiction and Enforcement Act (Act) (750 ILCS 36/207(a) (West 2014)), which permits a court to stay a child custody proceeding before it if the court determines that "it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." On April 14, 2015, the trial court heard both the show-cause petition and the motion to stay. The proceeding was not transcribed. The court issued an order that day holding respondent in indirect civil contempt. As a sanction for the contempt, the court sentenced respondent to immediate incarceration in the Kane County jail and set a purge amount of $10,000. Later, in May 2015, the court issued an order *nunc pro tunc* to April 14 denying respondent's motion to stay.

¶ 7    On April 27, respondent filed a motion to reconsider, which the court denied following a hearing on May 26. Respondent filed her notice of appeal on June 23. Proceedings continued in the trial court on visitation, attorney fees, and other matters. Some of these issues were

addressed at a hearing on June 17, which was the next transcribed hearing to occur after May 26. The most recent order in the common-law record is from June 17, and the most recent document in the record is the June 23 notice of appeal.

¶ 8    The next and final transcribed hearing after May 26 occurred on August 13.  The transcript of this hearing is entitled "Certified Bystander's Report."  The hearing began as follows:

"THE COURT: All right.  So we'll go on the record on 11 F 718.  Counsel, if you'd like to make your appearances.

MS. SCHWEMLER [respondent's attorney]: Jenette Schwemler on behalf of Nicole [O.] [respondent].

THE COURT: All right.  For the record, Mr. [N.] [petitioner] is not present, and I don't know if he got notice of today's date but he certainly had notice of the court date a couple of days ago.

And a couple of days ago when we were here the Court was asked to certify a bystander's report, I declined to do that, in the interest of getting some type of information to the appellate court prior to, I believe, the deadline, which is later this month.  I suggested having a court reporter here and I would try to make an oral record that would then be transcribed.

Do you agree with that, Ms. Schwemler?

MS. SCHWEMLER: Yes, Your Honor.

THE COURT: All right.  And so what the Court has been asked to do is to address what occurred in court on April 14th of 2015 ***."

¶ 9    In the remainder of the hearing, the trial court and respondent's counsel agreed upon an account of what occurred at the April 14 hearing. According to this account, the court received testimony from petitioner and respondent relating to both the contempt and stay issues.

¶ 10                              II. ANALYSIS

¶ 11    Petitioner has not filed a brief in this case. We nonetheless proceed to the merits of the appeal, pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (if the appellee has not filed a brief, the reviewing court should nonetheless reach the merits where the record is simple and the claimed errors are such that the court may easily decide the issues raised by the appellant).

¶ 12    Respondent challenges the factual and legal underpinnings of the trial court's judgments denying her motion to stay the contempt proceeding and holding her in contempt of court. Her challenge depends on an adequate record of the April 14 hearing at which the court received evidence on the issues and rendered its judgments. Her challenge fails because the record of that hearing is insufficient.

> "[T]o support a claim of error, the appellant has the burden to present a sufficiently complete record. [Citations.] From the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant. [Citation.] An issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding. [Citations.] Without an adequate record preserving the claimed error, the court of review must presume the circuit court's order had a sufficient factual basis and that it conforms with the law." (Internal quotation marks omitted.) *In re Marriage of Gulla*, 234 Ill. 2d 414, 422 (2009).

Illinois Supreme Court Rule 321 (eff. Feb. 1, 1994) and Rule 323 (eff. Dec. 13, 2005) require a report of proceedings or an acceptable substitute, such as a bystander's report or agreed statement of facts. Here, respondent has included in the record on appeal a bystander's report of the crucial April 14 hearing. Rule 323(c) states the requirement for preparation of a bystander's report:

> "(c) Procedure If No Verbatim Transcript Is Available (Bystander's Report). If no verbatim transcript of the evidence of proceedings is obtainable the appellant may prepare a proposed report of proceedings from the best available sources, including recollection. *** The proposed report shall be served on all parties within 28 days after the notice of appeal is filed. Within 14 days after service of the proposed report of proceedings, any other party may serve proposed amendments or an alternative proposed report of proceedings. Within 7 days thereafter, the appellant shall, upon notice, present the proposed report or reports and any proposed amendments to the trial court for settlement and approval. The court, holding hearings if necessary, shall promptly settle, certify, and order filed an accurate report of proceedings. Absent stipulation, only the report of proceedings so certified shall be included in the record on appeal." Ill. S. Ct. R. 323(c) (eff. Dec. 13, 2005).

The bystander's report "must be prepared in accordance with the requirements of Supreme Court Rule 323(c)." *City of Pekin v. Mann*, 44 Ill. App. 3d 1, 2 (1976). The rule contemplates a collaborative process for the generation of a bystander's report, as shown by the requirement that the appellant serve the appellee with a copy of the appellant's proposed report. The appellee "must be given the opportunity to offer amendments and corrections" to the report. *Department of Transportation v. Drobnick*, 54 Ill. App. 3d 987, 991 (1977). In *Drobnick*, the appellants

"attempted to bypass this procedure" by filing their bystander's reports "directly with the clerk of the court," without affording the appellee an opportunity for input. *Id.* at 991-92. Accordingly, the appellate court held that the reports could not stand as a substitute for a report of proceedings and affirmed the trial court's refusal to certify them. *Id.* at 992.

¶ 13 Here there is no indication in the record that respondent provided petitioner with her proposed bystander's report (which, we note, is not itself in the record). There is no proof of service for the report or indication that petitioner nonetheless received the report. Petitioner was not in court on August 13 when the report was discussed. On that date, the court remarked that it did not know if petitioner had notice of the August 13 date, but was sure he "had notice of the court date a couple of days ago" when "*we* were here" (emphasis added). At that prior hearing, the court recalled, it "was asked to certify a bystander's report," but declined. The court instead continued the matter for a court reporter to be present so that the court could "try to make an oral record that would then be transcribed."

¶ 14 These remarks do not establish that petitioner was in court on that prior hearing, when he might have received a copy of the proposed report. The "we" referenced by the trial court might be read in isolation to include petitioner, but in context we must read it more narrowly. Specifically, the court commented not that petitioner was present in court on that earlier date but that he had *notice* of that date. Therefore, since we cannot conclude that petitioner was in court on that earlier date, we must eliminate it as a possible occasion for petitioner to have received the proposed report. The record reveals no other occasion on which petitioner might have received the proposed report. Moreover, there is no indirect evidence in the record that petitioner received the report, such as proposed corrections to it.

¶ 15   We add that petitioner's failure to file an appellate brief or object in this court to the bystander's report does not retroactively validate respondent's failure to comply with Rule 323(c)'s procedure for generation of a bystander's report.

¶ 16   As the record does not show that respondent complied with Rule 323(c) by providing petitioner with the proposed bystander's report, which would have given him the opportunity for input in the process, we conclude that the trial court erred in certifying a bystander's report on August 13.  Since the August 13 report is invalid, and respondent has submitted no other substitute for a report of proceedings of the April 14 hearing, the record before us is inadequate for review of respondent's contentions, and we must affirm the judgments of the trial court.

¶ 17                                III. CONCLUSION

¶ 18   For the foregoing reasons, we affirm the judgments of the circuit court of Kane County.

¶ 19   Affirmed.