2021 IL App (1st) 190897-U

FOURTH DIVISION
June 24, 2021

No. 1-19-0897

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| IMITAZ CARABIDE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | No. 19 M1 700041 |
| SHABACA MURPHY, JENNIFER MURPHY, and any | ) | |
| and all unknown occupants, | ) | |
| | ) | Honorable |
| Defendants-Appellees. | ) | Joel Chupack, |
| | ) | Judge Presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Gordon and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Affirming the judgment of the circuit court of Cook County dismissing a landlord's complaint for possession and rent where the landlord failed to provide an adequate record on appeal to support his claims of error.

¶ 2    Plaintiff Imitaz Carabide (the landlord) filed a verified complaint for possession and rent

in the circuit court of Cook County against defendants Shabaca Murphy and Jennifer Murphy

(the tenants) and their children.[1]  After a bench trial, the trial court entered an order dismissing the case "for failure to provide proof of notice" and providing that the landlord "may refile [within] 60 days and the Clerk shall not charge court costs."  The landlord apparently did not refile the case, but instead filed a motion for reconsideration, which was denied.  On appeal, the landlord challenges the dismissal order and the denial of his motion for reconsideration.  As discussed herein, we affirm.

¶ 3                                    BACKGROUND

¶ 4     On January 2, 2019, the landlord filed a two-count verified complaint against the tenants for possession and rent (count I) and breach of lease (count II) which alleged, in part, as follows. The parties entered into a new written lease in July 2018 (the lease), shortly before the termination of the parties' prior lease.  The monthly rent for the leased residence in Hoffman Estates was $1450.  The tenants were served with multiple notices for non-payment of rent and/or defaults in 2018 based on their repeated failure to fully or timely pay the rent and other charges pursuant to the lease.  The complaint further alleged that the tenants had damaged the property, including the appliances.  The landlord sought possession of the premises and the payment of past due rent in the amount of $2310, plus attorney fees, accruing rent, and other amounts due under the lease.

¶ 5     The tenants filed an appearance through counsel, and a bench trial was conducted on February 13, 2019.  At the conclusion of the trial, the trial court entered a written order which provided that the case was "dismissed for failure to provide proof of notice" and that the landlord "may refile [within] 60 days and the Clerk shall not charge court costs."  The order included a notation that the tenants' counsel had tendered a key and one parking pass to the landlord's

---

[1] Although the children were listed as tenants in the lease and were named as defendants in the complaint, they do not appear to have had actively participated in this litigation.  The landlord's notice of appeal listed the appellees as Shabaca Murphy and Jennifer Murphy.

counsel.

¶ 6　　The record on appeal also includes a document signed by the parties and their counsel on February 13, 2019, stating in part: "Plaintiffs[2] have and recover from Defendants the property at [street address] in Hoffman Estates[,] Illinois 60169, possession of the premises, garages and other structures associated therein." Although the document was styled as an order and was handwritten on a preprinted "order" form, the trial judge did not sign the document.

¶ 7　　The landlord subsequently filed an affidavit "in support of his testimony as a bystander at trial" in the circuit court on March 5, 2019. The 56-paragraph affidavit appears to be a memorialization or summarization of the evidence, including the parties' respective testimonies, and the circuit court's findings at trial. The landlord averred, in part, that the trial court "entered a finding that [the tenants] did not timely receive the five[-]day notice."

¶ 8　　On March 14, 2019, the landlord filed a motion for reconsideration pursuant to section 2-1203(a) of the Code of Civil Procedure (735 ILCS 5/2-1203(a) (West 2018)), arguing that the trial court misapplied existing law when it dismissed the action "as it had proper subject matter and personal jurisdiction." The landlord contended that he had properly served the tenants with a five-day notice and demand for rent which complied with the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 2018)), now known as the Eviction Act (see P.A. 100-173 (eff. Jan. 1, 2018)). The landlord represented that the tenants remained in constructive possession, as they continued to hold a parking pass and had left trash and other items at the premises.

¶ 9　　In an order entered on April 2, 2019, the trial court denied the motion for reconsideration. The trial court also denied the landlord's request to strike the notation on the February 13, 2019 order (regarding the tender of the key and one parking pass) but clarified that "such is not a

---

[2] Despite this phrasing, the sole plaintiff in the circuit court case was the landlord. We further note that the landlord's first name is spelled inconsistently in the record.

possession order." There is no indication in the record that the landlord refiled his case within the 60-day period referenced in the February 13, 2019 order. The landlord filed a notice of appeal on April 25, 2019.

¶ 10                                    ANALYSIS

¶ 11    As a preliminary matter, we observe that no appellee's brief has been filed in this case. We will nevertheless address the merits of this appeal under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). Under *Talandis*, in the absence of an appellee's brief, a reviewing court should address an appeal on the merits where the record is simple and the claimed errors are such that the court may easily decide the issues raised by the appellant. *Id.*; *In re Marriage of Earlywine*, 2013 IL 114779, ¶ 11.

¶ 12    The landlord presents the primary issue on appeal as whether the trial court erred in finding that it lacked jurisdiction to consider his action for rent and possession. As an issue involving subject matter or personal jurisdiction is a question of law, he contends that our review is *de novo*. *E.g.*, *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17 (addressing personal jurisdiction); *In re Megan G.*, 2015 IL App (2d) 140148, ¶ 20 (addressing subject matter jurisdiction). The landlord also seeks *de novo* review of the denial of his motion to reconsider based on the trial court's "misapplication of existing law."

¶ 13    Simply put, we reject the landlord's contention that a *de novo* standard of review is applicable. The trial court in the instant case conducted a bench trial. "The standard of review in a bench trial is whether the judgment is against the manifest weight of the evidence." *Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 384 Ill. App. 3d 849, 859 (2008). A judgment is against the manifest weight of the evidence only when the findings appear to be arbitrary, unreasonable, or not based on evidence, or when an opposite conclusion is apparent.

*Vaughn v. City of Carbondale*, 2016 IL 119181, ¶ 23.

¶ 14     At the conclusion of the bench trial, the trial court entered an order which dismissed the landlord's case for "failure to provide proof of notice" but expressly permitted him to refile within 60 days and without the imposition of court costs. This written order – on its face – does not provide that the court's ruling was based on a lack of jurisdiction, as the landlord has stated. Rather, the order suggests that the court found that the landlord did not provide adequate "proof" of notice, which presumably refers to one or more of the five-day notices provided by the landlord to the tenants pursuant to the Eviction Act for non-payment of rent. See 735 ILCS 5/9-209 (West 2018). The inclusion of language in the order allowing the landlord to refile within 60 days without court costs appears inconsistent with the landlord's representation that the trial court found that it lacked jurisdiction to "consider" his action. In sum, the court's written order of February 13, 2019, suggests that the court found that the landlord had not satisfied his evidentiary burden based on the evidence presented during the bench trial – subject to review under the manifest weight of the evidence standard – not that the court made a purely legal ruling regarding jurisdiction which would be subject to *de novo* review.

¶ 15     We note that, despite his invocation of a *de novo* standard of review, the landlord advances a series of fact-intensive arguments based on the evidence presented at trial. Among other things, the landlord contends that the trial testimony and certain trial exhibits, *e.g.*, printouts of text exchanges between the parties, reflected the tenants' timely receipt of a five-day notice by hand delivery in December 2018. The landlord also challenges the credibility of the tenants and the accuracy of their trial testimony regarding the timing of their rent payments and other matters. Under the deferential "manifest weight" standard of review, however, we will not substitute our judgment for that of the trial court regarding the credibility of the witnesses, the

weight to be given the evidence, or the inferences to be drawn. *Metropolitan Capital Bank & Trust v. Feiner*, 2020 IL App (1st) 190895, ¶ 46.

¶ 16    We further observe that the landlord, as the appellant herein, has the burden to present a sufficiently complete record of the proceedings to support his claims of error and, in the absence of such a record on appeal, it will be presumed that the trial court's order had a sufficient factual basis and was in conformity with law. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). The landlord has failed to satisfy his burden. The record on appeal does not include a transcript or other report of proceedings pursuant to Illinois Supreme Court Rule 323 (eff. July 1, 2017) with respect to the bench trial. While the record includes the landlord's affidavit filed on March 5, 2019 – which he refers to as a "bystander's affidavit" – there is no indication in the record that such document is a valid bystander's report which was prepared and approved in accordance with the requirements of Rule 323(c). *Id.* See also *In re Parentage of G.E.*, 2016 IL App (2d) 150643, ¶ 12 (discussing the "collaborative process for the generation of a bystander's report" under Rule 323(c)). Although the landlord cites *Barrett v. FA Group, LLC*, 2017 IL App (1st) 170168, for the proposition that the tenants conceded the accuracy of his affidavit by failing to affirmatively challenge the affidavit (*e.g.*, through a motion to strike or a counteraffidavit), the *Barrett* case addressed the use of uncontradicted affidavits in the summary judgment context – a wholly different issue to that presented in the instant case. The landlord's repeated citation to his unilateral affidavit is thus unavailing. Based on the deficiencies of the record on appeal, we are unable to fully assess the landlord's claims of error as to the bench trial. As our supreme court has long recognized, "[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch*, 99 Ill. 2d at 392.

¶ 17    For the reasons stated above, we reject the landlord's challenges to the dismissal order.

As the record also lacks a transcript or other report of proceedings with respect to the hearing on the motion for reconsideration, the landlord's challenges to the order denying the motion are equally ineffective. Without a transcript or an acceptable substitute, we are unable to determine what arguments were made by counsel at the hearing, whether they presented any additional evidence, and on what basis the trial court denied the motion. See *id.* We thus affirm the orders dismissing the case and denying the motion for reconsideration.

¶ 18                                    CONCLUSION

¶ 19    The judgment of the circuit court of Cook County is affirmed in its entirety.

¶ 20    Affirmed.