NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250567-U

NO. 4-25-0567

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 23, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| MARINE CREDIT UNION, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| JEREMIAH D. BOONE; JUSTIN R. BOONE; and | ) | No. 024FC46 |
| UNKNOWN OWNERS AND | ) | |
| NON-RECORD CLAIMANTS, | ) | Honorable |
| Defendants | ) | Theodore G. Kutsunis, |
| (Jeremiah D. Boone, Defendant-Appellant). | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Knecht and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court's denial of defendant's motion to stay his eviction and its entry of an eviction order in mortgage foreclosure proceedings is affirmed where defendant (1) forfeited his claims of error on review by failing to comply with the briefing requirements in Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) and (2) failed to present a complete record of the underlying proceedings, including a transcript of the pertinent hearing or an acceptable and properly prepared substitute for a verbatim transcript.

¶ 2    Plaintiff, Marine Credit Union, initiated the underlying mortgage foreclosure action and obtained a judgment of foreclosure against defendants, Jeremiah D. Boone, Justin R. Boone, and unknown owners and non-record claimants. Later, Jeremiah filed a motion to stay his eviction from the residential property that was the subject of the action. The trial court denied the motion and entered an eviction order. Jeremiah *pro se* appeals, arguing the court abused its discretion by refusing to (1) consider his "Extenuating Medical Hardship" and (2) hear arguments regarding his ability to pay the full amount owed for the property. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Jeremiah and Justin were the owners and mortgagors of residential property located in Rock Island, Illinois. In March 2024, plaintiff, as mortgagee, filed a complaint for foreclosure, alleging Jeremiah and Justin had defaulted on their loan and seeking foreclosure of the mortgage on the property. In September 2024, plaintiff moved for a default judgment after defendants failed to file an answer to the complaint. Following a hearing the same month, the trial court granted plaintiff's motion. On September 25, 2024, the court entered an order of default against defendants and a judgment of foreclosure.

¶ 1        On March 7, 2025, a sheriff's report of sale and distribution was filed, stating the property at issue was offered at a public sale and sold to plaintiff. On March 12, 2025, plaintiff filed a motion to confirm sale and for order for possession. Following a hearing on April 2, 2025, the trial court entered an order approving and confirming the sheriff's report of sale and directing the sheriff to place plaintiff in possession of the property and to evict defendants. The court's order also stated that the property was subject to a special right of redemption for 30 days after the entry of the order, which would allow defendants "to redeem by payment of the sale price plus all additional costs and expenses incurred by the mortgagee."

¶ 5        On May 2, 2025, Jeremiah *pro se* filed a motion to "vacate the confirmation order." He alleged he had been unaware of the April 2, 2025, court date and indicated that he had planned to file for bankruptcy "to save [his] home." As alternative relief, he requested an "extended stay *** to have time to get all belongings out of [the] property." On May 8, 2025, plaintiff filed a resistance to Jeremiah's motion, asserting that he had received notice of all the relevant proceedings, including the filing of the foreclosure complaint, the entry of the default judgment, and the sale date for the property. Plaintiff also asserted that Jeremiah was sent notice of the April

2, 2025, hearing date and that he had been in regular communication and contact with plaintiff regarding the status of the case and his plans to vacate the property. It maintained Jeremiah had no good faith basis to challenge the trial court's order confirming the sale of the property. On May 14, 2025, the court entered an order, denying Jeremiah's motion to vacate and granting him until May 27, 2025, at 10 a.m. to vacate the property.

¶ 6　　　　On May 23, 2025, Jeremiah *pro se* filed a motion to stay eviction, seeking to stay the order that required him to vacate the property by May 27, 2025. He alleged that he resided at the property at issue with his fiancée. According to Jeremiah, his fiancée "underwent major back surgery" on May 8, 2025, and due to "unforeseen complications," required an additional surgery on May 20, 2025. Jeremiah maintained that he had been providing essential care and support to his fiancée and that her "unforeseen and urgent medical emergency" had made it impossible for him to vacate the property by May 27, 2025, as ordered by the trial court. He further alleged that he had secured legal representation and that on or before May 27, 2025, his attorney would "be filing all appropriate documents and exhibits related to [his] motion, including a formal appearance and comprehensive medical documentation." Finally, Jeremiah asserted that he also intended to present plaintiff "with funds totaling $215,402.17, *** to bring th[e] proceeding to an end."

¶ 7　　　　On May 27, 2025, plaintiff filed an eviction petition. It alleged it was entitled to possession of the Rock Island property and that defendants had unlawfully withheld possession from it.

¶ 8　　　　On June 4, 2025, the trial court conducted a hearing in the matter. Although the record contains no transcript of the hearing, the court made a docket entry that showed plaintiff appeared through counsel, Jeremiah appeared *pro se*, and the court heard and denied Jeremiah's motion to stay eviction and granted plaintiff's eviction petition. The same day, the court entered

an eviction order, giving plaintiff possession of the Rock Island property and ordering defendants to move out of the property on or before June 6, 2025, at 11:59 a.m.

¶ 9 On June 5, 2025, Jeremiah filed a notice of appeal. The following day, he filed an emergency motion to stay enforcement of the trial court's June 4, 2025, order. On July 2, 2025, the court granted Jeremiah's motion on the condition that he post an appeal bond, which he did.

¶ 10 On July 23, 2025, Jeremiah filed a proposed bystander's report, citing Illinois Supreme Court Rule 323(c) (eff. July 1, 2017). The report provided a brief description of each party's argument at the June 4, 2025, hearing. It also set forth the trial court's ruling, stating as follows:

> "[The court] stated that a previous order, made prior to the reported medical emergencies, was already in place and that [the court] would not consider any new information or circumstances related to the medical emergencies. [The court] then stated to [Jeremiah], 'You had time,' and subsequently granted [Jeremiah] only a day and a half before the eviction was to occur."

¶ 11 On July 24, 2025, the day after filing his bystander's report, Jeremiah *pro se* filed a motion to "Show Bystanders [*sic*] Statement." The motion indicated that a statement was attached, explaining the relief being sought; however, no attached statement appears in the appellate record. The record also fails to show that there was a hearing or ruling on the motion or that any further proceedings occurred before the trial court.

¶ 12 II. ANALYSIS

¶ 13 On appeal, Jeremiah challenges the trial court's June 4, 2025, decision to deny his motion for a stay and grant plaintiff's eviction petition. As stated, he argues the court abused its discretion by refusing to (1) consider his "Extenuating Medical Hardship" or (2) hear his argument

- 4 -

that he could pay plaintiff the full amount owed for the property at issue.

¶ 14    "A trial court is afforded discretion in issuing stay orders." *In re A.J.*, 269 Ill. App. 3d 824, 830 (1994). "The party seeking a stay bears the burden of proving adequate justification for it" and "must present a substantial case on the merits and show that the balance of the equitable factors weighs in favor of granting the stay." *Id.* "A *** court's decision to grant or deny a motion to stay will not be overturned unless the court abused its discretion in making the decision." *Aventine Renewable Energy, Inc. v. JP Morgan Securities, Inc.*, 406 Ill. App. 3d 757, 760 (2010).

¶ 15    Here, we find Jeremiah cannot meet his burden of establishing an abuse of discretion by the trial court. Not only has he forfeited his claims of error by presenting a deficient appellant's brief, but he has also failed to present a sufficiently complete record for review of his claims.

¶ 16    First, Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) sets forth the requirements for appellate court briefs. The rule requires that an appellant's brief include a statement of facts with "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). The appellant must also include an argument section in his or her brief that states "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 17    A reviewing court is not a depository where a litigant "may dump the burden of argument and research." *Alms v. Peoria County Election Comm'n*, 2022 IL App (4th) 220976, ¶ 28. Rather, on review, this court is "entitled to have the issues clearly defined and a cohesive legal argument presented." *Id.* A claim of error that is not properly developed and supported is forfeited on review. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (Points that are not argued in

the appellant's brief "are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."); *People v. Aljohani*, 2022 IL 127037, ¶ 61 (holding that Rule 341(h)(7) "requires an appellant to adequately develop his argument with citation of relevant authority" and that the failure to do so results in forfeiture of the issue). Additionally, a party's *pro se* status "does not relieve that party from complying as nearly as possible to the Illinois Supreme Court Rules for practice before this court." *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8.

¶ 18 Here, both the statement of facts and argument sections of Jeremiah's appellant's brief fail to meet the requirements of Rule 341(h). In his statement of facts, Jeremiah incorrectly identifies the action as "a forcible entry and detainer action" rather than one brought under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.* (West 2024)). He also omits factual details necessary for an understanding of the case and its procedural history, and he makes factual assertions that are either not supported by any citation to the appellate record or are supported by inaccurate citations, *i.e.*, citations that do not correspond to his factual assertion. Additionally, in the argument section of his brief, Jeremiah fails to present fully developed arguments that are supported by proper record citations. He also fails to identify or cite any legal authority to support his claims. Given these deficiencies, we find Jeremiah's claims are forfeited for purposes of review.

¶ 19 Second, even absent forfeiture, our review of Jeremiah's claims is frustrated by his presentation of an incomplete record. Notably, the record contains no transcript of the pertinent June 4, 2025, hearing.

¶ 20 On appeal, it is the appellant's burden to present a sufficiently complete record of the trial court proceedings to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). In the absence of a complete record, this court will "presume[ ] that the order entered by

the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.*

¶ 21   In this case, Jeremiah asserts the trial court erred in denying his motion for a stay and granting plaintiff's petition for eviction. The record reflects the court made its rulings following a hearing on June 4, 2025. However, the record contains no transcript of that hearing that sets forth what occurred including the evidence and arguments presented by the parties or the reasoning behind the court's ruling.

¶ 22   On review, Jeremiah attempts to rely on his proposed bystander's report as an alternative to providing a transcript of the hearing. Plaintiff contends Jeremiah's proposed report is inaccurate and incomplete. We find Jeremiah's report does not merit consideration on appeal because he failed to follow the proper procedure for submitting his report.

¶ 23   Under Rule 323(c), a bystander's report is an acceptable substitute when no transcript of a hearing is available. The rule states as follows:

> "If no verbatim transcript of the evidence of proceedings is obtainable the appellant may prepare a proposed report of proceedings from the best available sources, including recollection. *** The proposed report shall be served on all parties within 28 days after the notice of appeal is filed. Within 14 days after service of the proposed report of proceedings, any other party may serve proposed amendments or an alternative proposed report of proceedings. Within 7 days thereafter, the appellant shall, upon notice, present the proposed report or reports and any proposed amendments to the trial court for settlement and approval. The court, holding hearings if necessary, shall promptly settle, certify, and order filed an

accurate report of proceedings. Absent stipulation, only the report of proceedings so certified shall be included in the record on appeal. Ill. S. Ct. R. 323(c) (eff. July 1, 2017).

"The bystander's report must be prepared in accordance with the requirements of Supreme Court Rule 323(c)." (Internal quotation marks omitted.) *In re Parentage of G.E.*, 2016 IL App (2d) 150643, ¶ 12.

¶ 24 Rule 323(c) "contemplates a collaborative process," and an appellee must be afforded the opportunity to propose amendments to the report. *Id.* Additionally, the failure to present a bystander's report to the trial court for settlement or certification "constitutes fatal error." *City of Pekin v. Mann*, 44 Ill. App. 3d 1, 2 (1976).

"To permit an appellant to proceed in an appeal upon a bystander's report based solely upon his interpretation of the evidence and memory as to what happened during the trial, without acknowledgement by the appellee, and with complete disregard of the trial judge's duty to settle and certify the report serves to thwart the purpose and intent of Supreme Court Rule 323(c)." *Id.*

¶ 25 Here, Jeremiah clearly failed to comply with Rule 323(c) in the preparation and filing of his bystander's report. Although the rule requires that a proposed report be served on all parties within 28 days after the notice of appeal is filed, Jeremiah did not purport to serve plaintiff with his proposed bystander's report until 48 days after the filing of his notice of appeal. Additionally, his proof of service was deficient in that it failed to identify the method of service and did not comply with Illinois Supreme Court Rule 12(b) (eff. July 1, 2017), which sets forth the manner of proving service of a document. Notably, for several methods of service, Rule 12(b) requires proof of service by certification under section 1-109 of the Code of Civil Procedure (735

ILCS 5/1-109 (West 2024)). Ill. S. Ct. R. 12(b) (eff. July 1, 2017). The record does not show compliance with the requirements of section 1-109. Moreover, in addition to failing to show timely service of Jeremiah's proposed bystander's report on plaintiff, the record also fails to reflect that the proposed report was presented to the trial court for settlement or certification.

¶ 26　　　　Jeremiah's noncompliance with Rule 323(c) is fatal to our consideration of his proposed bystander's report and, ultimately, his appeal. Absent a transcript of the relevant hearing in this case or a properly prepared substitute, no basis exists for finding the trial court abused its discretion. Given the circumstances presented, we must presume that the court's denial of Jeremiah's motion for a stay and its entry of an eviction order conformed with the law and had a sufficient factual basis.

¶ 27　　　　　　　　　　　　III. CONCLUSION

¶ 28　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 29　　　　Affirmed.