EFFINGHAM STATE BANK, Plaintiff, v. HAROLD D. BLADES *et al.,* Defendants (Effingham Asphalt Co., Plaintiff-Appellee, v. Linda E. Blades, Defendant-Appellant)..

Fifth District    No. 5—84—0814

Opinion filed December 23, 1985.

Michael J. Meyer, of Law Offices of Ealy & Meyer, of Effingham, for appellant.

Q. Anthony Siemer, of Parker, Siemer, Austin, Resch & Resch, of Effingham, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Defendant, Linda E. Blades, appeals from the judgment of the circuit court of Effingham County finding her liable for the outstanding balance on an oral contract entered into by her husband, Harold D. Blades, and plaintiff, Effingham Asphalt Company. Plaintiff cross-appeals that part of the judgment which found that a transfer of property between defendant and her husband was not in fraud of creditors.

Defendant's husband orally contracted with plaintiff for the construction of a horse training race track and a driveway at the couple's marital residence. Plaintiff received only partial payment for its services. On August 31, 1981, the husband conveyed his interest in the subject property, which had been held in joint tenancy, to defendant. On August 17, 1982, plaintiff obtained a judgment against the husband in the amount of $22,817.09. On November 1, 1982, the Effingham State Bank, holder of the first mortgage on the property, filed a foreclosure of mortgages action naming Linda E. Blades and her husband as defendants. Plaintiff intervened on the basis that it had obtained a judgment against the husband and alleged that the conveyance between defendant and her husband was fraudulent. A judgment of foreclosure and sale was entered on April 25, 1983. Plaintiff submitted the highest bid at the judicial sale. The proceeds were used to pay the Blades' indebtedness to the Effingham State Bank and the surplus of $23,000, which represented the amount due plaintiff, was placed in escrow. On October 12, 1983, plaintiff filed a separate complaint against defendant requesting judgment against her in the amount of $20,817.09. This action was consolidated with the foreclosure action for trial pursuant to section 2—1006 of the Civil

Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—1006). After trial, the court found that defendant had acquiesced in the improvements to the jointly held property and ratified the contract between her husband and plaintiff and was, therefore, liable for the outstanding balance. The court ruled in favor of the defendant on the allegation of fraudulent conveyance.

We will first address defendant's contention that plaintiff's claim against her is barred by the doctrine of *laches*. We disagree. While contrasting views exist as to whether the doctrine of *laches* is available as a defense to actions at law or is limited to actions in equity (*People ex rel. McCoy v. Sherman* (1984), 123 Ill. App. 3d 444, 446, 462 N.E.2d 817, 819; *Bays v. Matthews* (1982), 108 Ill. App. 3d 1112, 1116, 440 N.E.2d 142, 145), even if the broader view is adopted, defendant has failed to establish that plaintiff is guilty of *laches*.

■ The following requirements must be met in order to bar a suit on the grounds of *laches*: (1) Delay in asserting the plaintiff's rights while plaintiff had knowledge of the right and the opportunity to institute a lawsuit; (2) lack of knowledge on the part of the defendant that plaintiff would assert the right; and (3) prejudice to defendant. *Peterson Welding Supply Co. v. Cryogas Products, Inc.* (1984), 126 Ill. App. 3d 759, 765, 467 N.E.2d 1068, 1073, citing *Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 553, 147 N.E.2d 341, 344.

■ The facts present in this case do not meet these requirements. Plaintiff began construction in October of 1979 and completed performance in July of 1981. Although billed monthly, only four partial payments were received, the last being on February 18, 1982. On April 28, 1981, defendant's husband executed a promissory note payable to plaintiff. Approximately one year later, plaintiff obtained a judgment against the husband for the remaining balance. The foreclosure action was initiated on November 1, 1982, and plaintiff intervened on January 20, 1983. On October 12, 1983, suit was filed against defendant. This chronology of events illustrates that plaintiff had just reason to believe that payment would be received at several points in time. Plaintiff did not delay unreasonably in initiating its suit against defendant on October 12, 1983, approximately one year after it had obtained judgment against defendant's husband.

Furthermore, defendant could not have been oblivious to the possibility that a complaint might be alleged against her for the amount due on the services rendered on her property. We disagree with defendant's bare assertion that there can be no question that the first two requirements of the defense of *laches* are supported by the record. As to the third requirement, the accumulation of interest does

not prejudice the defendant to the extent that it would be inequitable to grant plaintiff relief.

The second issue raised by defendant is whether the trial court erred in finding her liable on the contract between her husband and plaintiff. We agree with the decision rendered below.

■ Defendant's argument concentrates solely on the principle that an act or contract of one joint tenant respecting the joint property, without the authority or consent of the other joint tenant, cannot bind or prejudicially affect the latter. (*Motz v. Central National Bank* (1983), 119 Ill. App. 3d 601, 608, 456 N.E.2d 958, 964.) Defendant asserts that there is no evidence in the record establishing that defendant consented to or authorized the agreement between her husband and plaintiff. Yet, defendant's liability rests not upon her relationship to her husband as a joint tenant, but upon her implied ratification of the acts of her husband. "Where an act is performed by one person without authority for the benefit of another, *** the person for whose benefit the act was performed may ratify [the] act." (*Copley v. Pekin Insurance Co.* (1985), 130 Ill. App. 3d 299, 302, 474 N.E.2d 57, 60.) Ratification may be express or implied; acquiescence or the failure to repudiate on the part of the person for whose benefit the act was performed may constitute implied ratification. 130 Ill. App. 3d 299, 303, 474 N.E.2d 57, 60.

There is ample evidence to support a finding that the agreement reached between defendant's husband and plaintiff was for the benefit of both defendant and her husband. Both spouses were living at the residence at the time plaintiff constructed the race track and driveway. Defendant used the driveway which led to the couple's home. It is undisputed that defendant trained horses as a business and that her husband was not involved in this endeavor.

While defendant may not have been pleased with the race track, she accepted the benefit of the improvements, although she stated that she used the track "very little." Defendant was aware that plaintiff was in charge of the construction, yet she never conveyed any dissatisfaction to plaintiff. Additionally, a check signed by defendant was received by plaintiff as partial payment for its services; defendant claims that she was not aware that the check was used for that purpose.

■ At no time did defendant communicate any objection to plaintiff with regard to the improvements being made on the property she held jointly with her husband. To the contrary, defendant accepted the benefits and utilized the improvements. The effect of defendant's behavior is that she acquiesced in the acts of her husband and thereby

impliedly ratified the contract entered into by her husband and plaintiff. The husband's testimony that the race track was to be a surprise for his wife does not alter this conclusion. Ratification is the adoption of the acts of another by one for whom the other assumes to be acting, although without authority, as if the acts ratified had been fully authorized in the beginning. (*Copley v. Pekin Insurance Co.* (1985), 130 Ill. App. 3d 299, 302, 474 N.E.2d 57, 60.) We hold that the trial court was correct in finding the defendant liable on the contract.

■ On cross-appeal, plaintiff contends that the trial court erred in upholding the conveyance of property between defendant and her husband and asserts that we should hold the conveyance to be fraudulent in law. A fraudulent conveyance is one "made with the intent to disturb, delay, hinder or defraud creditors or other persons ***." (Ill. Rev. Stat. 1983, ch. 59, par. 4.) When a conveyance is made for no or inadequate consideration, it is fraudulent in law; fraud is presumed and intent is immaterial. (*Anderson v. Ferris* (1984), 128 Ill. App. 3d 149, 153, 470 N.E.2d 518, 521.) To prove fraud in law there must be: (1) a voluntary gift; (2) an existing or contemplated indebtedness against the donor; and (3) insufficient property retained by the donor to pay his indebtedness. *Mills v. Susanka* (1946), 394 Ill. 439, 448, 68 N.E.2d 904, 909.

A conveyance is deemed voluntary where there is no or grossly inadequate consideration for the transfer. (*Till v. Till* (1967), 87 Ill. App. 2d 358, 361, 231 N.E.2d 641, 643.) The property in question had an estimated equity of $60,000. The deed conveying the husband's interest in the property was in consideration of less than $100. (Ill. Rev. Stat. 1983, ch. 120, par. 1004.) The husband testified that the conveyance was made in consideration of a $30,000 loan from defendant. However, there was no note evincing the loan or connecting the loan to the conveyance. The deed is persuasive evidence that the conveyance was made for no or grossly inadequate consideration so that it may be deemed voluntary.

As to the second requirement, the husband testified that at the time of the conveyance he was heavily in debt. He owed in excess of $50,000 to persons other than plaintiff. In addition, a judgment had been rendered against a corporation in which he was sole stockholder. These facts satisfy the second requirement of existing indebtedness.

■ In light of the husband's inability to pay his indebtedness at the time of the transfer and the fact that this situation had not been alleviated at the time of trial, the husband clearly retained insufficient property to satisfy his creditors. Given these facts, the conveyance must be presumed fraudulent. That the husband continued for a per-

iod of time to make mortgage payments on the property and to live at the residence bolsters this conclusion.

To overcome the presumption of fraud, it must be established that after the transfer, the husband retained sufficient assets to cover his debts, or that adequate consideration was given for the conveyance. (*Anderson v. Ferris* (1984), 128 Ill. App. 3d 149, 154, 470 N.E.2d 518, 522.) Given the foregoing analysis, the presumption of fraud cannot be overcome and, therefore, we need not consider the principle of fraud in fact. (128 Ill. App. 3d 149, 154, 470 N.E.2d 518, 522.) Therefore, we hold that the trial court erred in upholding the conveyance of property between defendant and her husband.

The judgment of the circuit court of Effingham County upholding the conveyance is reversed and the cause remanded with directions to void the conveyance and for further proceedings consistent with the views expressed herein. In all other respects, the judgment is affirmed.

Affirmed in part; reversed in part and remanded with directions.

HARRISON and WELCH, JJ., concur.