NORTHERN ILLINOIS GAS COMPANY, Plaintiff-Appellant, v. MURPHY EXCAVATING *et al.*, Defendants-Appellees.

Second District   No. 2—90—0727

Opinion filed April 26, 1991.

W.H. Major, Jr., of Major, Fennell & Associates, Ltd., of Wheaton, for appellant.

William J. Wylie and James M. Roche, both of William J. Wylie & Associates, of Wheaton, for appellee.

JUSTICE DUNN delivered the opinion of the court:

The plaintiff, Northern Illinois Gas Company, appeals from a directed verdict entered for the defendants, Murphy Excavating and Dennis Murphy, individually and d/b/a Murphy Excavating, by the trial court of Du Page County. The plaintiff presents these issues on appeal: (1) whether Supreme Court Rule 287(a) (134 Ill. 2d R. 287(a)) requires that a proponent receive leave of court to utilize a request to admit pursuant to Supreme Court Rule 216 (134 Ill. 2d R. 216) in small claims matters; and (2) whether Supreme Court Rule 287(a) applies to a notice to produce at trial pursuant to Supreme Court Rule 237(b) (134 Ill. 2d R. 237(b)) since a notice to produce is not a discovery procedure.

On January 29, 1990, the plaintiff filed suit in small claims court to recover for damages sustained by the plaintiff when the defendants allegedly damaged the plaintiff's property. On May 16, 1990, the plaintiff filed a notice to produce at trial under Supreme Court Rule 237(b) and a request to admit under Supreme Court Rule 216. On June 5, 1990, the defendant filed a motion to strike the plaintiff's request to admit and notice to produce. The defendant argued that the plaintiff was attempting to elicit discovery in violation of Supreme Court Rule 287(a), which states: "No depositions shall be taken or interrogatories or other discovery proceeding be used prior to trial in small claims except by leave of court." 134 Ill. 2d R. 287(a).

On June 11, 1990, the trial court granted defendant's motion to strike plaintiff's request to admit and its Rule 237(b) notice to produce. On June 24, 1990, the plaintiff presented a motion for the trial court to reconsider its previous decision. The trial court denied the plaintiff's motion.

On June 27, 1990, the cause came to trial. At the close of the plaintiff's case, the defendant moved for a directed verdict which the

trial court granted. The plaintiff then timely appealed. The plaintiff first claims on appeal that the trial court erred in refusing to allow the plaintiff to use a request to admit under Supreme Court Rule 287(a). The plaintiff bases its argument on the language of Rule 287(b). The language states:

"(b) Motions. Except as provided in Rule 216 or sections 2—619 and 2—1001 of the Code of Civil Procedure, no motion shall be filed in small claims cases, without prior leave of court." 134 Ill. 2d R. 287(b).

The plaintiff argues this allows the plaintiff to serve the defendant with a request to admit without leave of court and, therefore, the trial court erred in refusing to allow the request to admit under Supreme Court Rule 287(a).

We first note that the proceeding below was a small claims action and the rules governing such actions are meant to be expeditious, inexpensive and simplified as regards to procedure. (*Ahern v. Knecht* (1990), 202 Ill. App. 3d 709, 714.) Also, since this was a small claims matter, the record is somewhat scanty. However, the plaintiff, as appellant, still has the burden of presenting a sufficiently complete record of the proceedings to support his claim of error; therefore, if there is any doubt arising from the incompleteness of the record, that doubt will be resolved against the plaintiff. *Capsonic Group v. Swick* (1989), 181 Ill. App. 3d 988, 992.

This court has previously held that a request to admit facts is a discovery procedure and that a trial court has wide discretion in controlling it. (*Homer G. Dickson & Co. v. Barraza* (1983), 115 Ill. App. 3d 5, 7.) Therefore, under Supreme Court Rule 287(a) in a small claims matter, the proponent of a request to admit must receive leave of the trial court before he can proceed with the request. Rule 287(b) requires the trial court's approval before a motion may be filed in a small claims matter. In a nonsmall claims action one does not need to make a motion before the court in order to serve a request to admit on an opposing party. A party simply serves the request to admit on the opposing party. (134 Ill. 2d R. 216(a).) Only when the opposing party objects to the request to admit, or when the proponent objects to an answer to his request to admit, must that objection be presented as a motion before the trial court. 134 Ill. 2d R. 216(c).

Therefore, under Supreme Court Rule 216(a) a request to admit is still a discovery device which requires leave of the trial court to utilize in small claims matters. However, if leave is granted to allow a request to admit, then under Supreme Court Rule 287(b) the opposing party may oppose the request or the proponent of the request may

challenge the answers to the request by motion without asking the court for permission to do so.

We also note that Supreme Court Rule 287(b) states that "[e]xcept as provided in Rule 216 ***, *no motion* shall be filed in small claims cases, without prior leave of court." (Emphasis added.) (134 Ill. 2d R. 287(b).) The only motions provided for in Supreme Court Rule 216 are contained in Supreme Court Rule 216(c), which states: "Any objection to a request or to an answer shall be heard by the court upon prompt notice and *motion* of the party making the request." (Emphasis added.) (134 Ill. 2d R. 216(c).) Therefore, under a request to admit, the motions which can be allowed by leave of court in a small claims matter are those that are provided for in Rule 216(c), *i.e.*, those motions which object to a request to admit or to an answer to a request to admit.

■ Finally, as noted above, under *Homer G. Dickson & Co.*, a request to admit is a discovery device, and a trial court has wide discretion in controlling it. Here, the plaintiff has failed to allege any circumstances under which the plaintiff was prejudiced by the trial court's holding except for the fact that the plaintiff lost. There was no abuse of discretion by the trial court court in refusing to allow a request to admit where the plaintiff cannot claim he was prejudiced by the trial court's actions.

The plaintiff next argues that the trial court erred in barring the use of the plaintiff's notice to produce at trial pursuant to Supreme Court Rule 237(b) which the plaintiff had served on defendant. The plaintiff argues that a notice to produce at trial is not a discovery device and, therefore, the trial court erred in finding that the notice to produce was discovery pursuant to Supreme Court Rule 287(a) and in ordering that the notice to produce be stricken.

■ Although Supreme Court Rule 237(b) may not be a general discovery device (see *Yassin v. Certified Grocers of Illinois, Inc.* (1986), 150 Ill. App. 3d 1052, 1067), there is no question that courts have recognized that parties have used Supreme Court Rule 237(b) as a method to elicit discovery. *Campen v. Executive House Hotel, Inc.* (1982), 105 Ill. App. 3d 576, 591-92; *Cedric Spring & Associates, Inc. v. N.E.I. Corp.* (1980), 81 Ill. App. 3d 1031, 1036.

■ We agree a Supreme Court Rule 237(b) notice to produce is not a discovery device and normally would not require prior leave of court for its use. Here, however, regardless of what the plaintiff calls his notice to produce, it is for all practical purposes an attempt to elicit the discovery from the defendant that the plaintiff could not procure by more conventional discovery procedures (see 134 Ill. 2d

Rules 201 through 224) because of the confines of Supreme Court Rule 287(a). Every request in the notice to produce presented by the plaintiff was couched in very general terms and indicated that the plaintiff was attempting to find out how the incident complained of occurred.

"The law is well settled in Illinois that in matters of discovery, including notices to produce under Supreme Court Rule 237(b), the power vested in the trial court requires '*** a careful exercise of its discretion in order to balance the needs of seeking the truth against the needless harassment of a party litigant.' " *Cedric Spring & Associates, Inc.*, 81 Ill. App. 3d at 1034.

■ Therefore, because the plaintiff was attempting to elicit discovery under Supreme Court Rule 287(a), the plaintiff was required to receive leave of the court to proceed. The trial court did not allow the plaintiff the right to continue in its discovery, and its decision was completely within the trial court's authority under Supreme Court Rule 287(a). We see no need to allow plaintiff to procure through the back door of Supreme Court Rule 237(b) what it cannot get through the front door of regular discovery procedures because of the limitations of Supreme Court Rule 287(a). Furthermore, based on the general rules of discovery, there is simply no showing on the part of the plaintiff that the trial court abused its discretion in striking a balance between the needs of the plaintiff and the harassment of the defendant or that the plaintiff was prejudiced by the order of the trial court which forbade the use of the notice to produce.

Therefore the circuit court of Du Page County is affirmed.

Affirmed.

REINHARD, P.J., and NICKELS, J., concur.