LANDAU AND ASSOCIATES, P.C., Plaintiff-Appellant, v. H. DANIEL KENNEDY, Defendant-Appellee.

Second District   No. 2—92—1491

Opinion filed May 13, 1994.

Eliot A. Landau, of Landau & Associates, P.C., of Downers Grove, for appellant.

H. Daniel Kennedy, of Racine, Wisconsin, appellee *pro se*.

JUSTICE QUETSCH delivered the opinion of the court:

Plaintiff, the law firm of Landau & Associates, P.C., filed this small claims action against defendant, H. Daniel Kennedy, seeking to recover approximately $970 in legal fees arising from plaintiff's representation of defendant in dissolution of marriage proceedings. The trial court entered judgment in favor of defendant. On appeal, plaintiff contends that the trial court improperly invoked the doctrine of *laches* as a basis for denying relief to plaintiff. Plaintiff argues that the invocation of the doctrine of *laches* was error because: (1) defendant did not plead *laches* as an affirmative defense and the trial court raised the matter of *laches sua sponte*, without affording plaintiff an adequate opportunity to respond; (2) the doctrine of *laches* is an equitable doctrine which does not apply in an action at law; (3) defendant did not demonstrate prejudice warranting a finding of *laches*; and (4) defendant was a wrongdoer who may not avail himself of the defense of *laches*.

At this point we note that defendant has filed a motion, which we have taken with the case, to dismiss this appeal on the basis of the inadequacy of the record on appeal. The record on appeal contains no transcript of any proceedings in the trial court. Plaintiff filed an "Affidavit of Proceedings For Common Law Record," signed by attorney Eliot A. Landau, which purports to detail the proceedings in the trial

court on November 24, 1992. Defendant contends that plaintiff has failed to comply with the requirements of Supreme Court Rule 323(c) (137 Ill. 2d R. 323(c)), which sets forth the procedures for documenting trial proceedings when no verbatim transcript is available, and plaintiff's affidavit is improper. We agree.

Plaintiff filed its notice of appeal on December 24, 1992. At that time, Rule 323(c) provided:

> "(c) Procedure If No Verbatim Transcript Is Available. If no verbatim transcript of the evidence of proceedings is obtainable the appellant may prepare a proposed report of proceedings from the best available sources, including recollection. It shall be served within 14 days after the notice of appeal is filed. Within 28 days after the notice of appeal is filed, any other party may serve proposed amendments or his proposed report of proceedings. Within 7 days thereafter, the appellant shall, upon notice, present the proposed report or reports and any proposed amendments to the trial court for settlement and approval. The court, holding hearings if necessary, shall promptly settle, certify, and order filed an accurate report of proceedings. Absent stipulation, only the report of proceedings so certified shall be included in the record on appeal." (137 Ill. 2d R. 323(c).)

A proposed report of proceedings, commonly referred to as a "bystander's report," must be prepared in accordance with the requirements of Rule 323(c). *City of Pekin v. Mann* (1976), 44 Ill. App. 3d 1, 2.

●1 Although the notice of appeal was filed on December 24, 1992, plaintiff's affidavit was not served on defendant until March 9, 1993. Since the affidavit was served on defendant more than 14 days after the notice of appeal was filed, it was untimely. (*Mann*, 44 Ill. App. 3d at 2; *Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 974.) Additionally, the affidavit was not certified by the trial court as required by Rule 323(c). Although a proposed certification order was attached to the affidavit, that order was never signed by the trial judge. In the absence of some designation on the affidavit that the trial court certified the facts recited therein to be accurate, the affidavit may not be considered a proper bystander's report. (See *People v. Gerwick* (1992), 235 Ill. App. 3d 691, 692-93; see also *Mann*, 44 Ill. App. 3d at 2.) An attorney's affidavit cannot be used to supplement the record in lieu of a transcript or a bystander's report. *Akers v. Atchison, Topeka & Santa Fe Ry. Co.* (1989), 187 Ill. App. 3d 950, 955.

Rule 323(c) expressly states that absent stipulation only the report of proceedings certified in accordance with the rule shall be included in the record on appeal. Plaintiff's affidavit must therefore be considered stricken from the record.

Defendant urges us to dismiss the appeal on the basis of the inadequacy of the record. The burden rests on the appellant to provide a sufficient record to support a claim of error, and in the absence of such a record, the reviewing court will presume that the trial court's order was in conformity with established legal principles and had a sufficient factual basis. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92.) This principle is applicable in appeals from judgments in small claims cases. (See *Northern Illinois Gas Co. v. Murphy Excavating* (1991), 212 Ill. App. 3d 486, 489.) There is authority that in the absence of a proper record a reviewing court may dismiss an appeal or, in the alternative, summarily affirm the judgment of the trial court. (See, *e.g., Wayne Township Board of Auditors v. Ludwig* (1987), 154 Ill. App. 3d 899, 905.) On the other hand, we have stated:

> "The failure to present a report of proceedings does not require automatic dismissal or affirmance where issues can be resolved on the record as it stands. [Citation.] However, in the absence of the report of proceedings, issues raised for which evidence at trial would be necessary to the determination of the appellate court are not subject to review." *Frisch Contracting Service Co. v. Personnel Protection, Inc.* (1987), 158 Ill. App. 3d 218, 221.

■ We choose not to dismiss this appeal, but as explained below, we conclude that the inadequate condition of the record makes meaningful review of plaintiff's arguments impossible and requires that the judgment of the trial court be affirmed.

The only items in the record on appeal bearing on the merits of the action are plaintiff's complaint and a handwritten docket entry in the court's records, dated November 24, 1992, indicating that judgment was entered in defendant's favor. That docket entry also contains the following notation:

> "Dismissed Doctrine of Laches Alleged services 1985-86 1st Billing (May 1, 1991) [illegible] *Oral Modification of Retainer Agreement."

Plaintiff's entire argument on appeal is based on the purportedly erroneous application of the doctrine of *laches*. Much of plaintiff's argument is inherently factual and not amenable to review without a report of proceedings. Plaintiff's arguments that (1) defendant suffered no prejudice from plaintiff's delay in filing this action and (2) defendant is a wrongdoer who may not avail himself of the defense of *laches* both necessarily depend upon the evidence adduced below. Plaintiff also argues that defendant did not properly raise the defense of *laches*, and the trial court deprived plaintiff of the opportunity to respond to the defense. In a small claims case, the defendant need not file a formal answer unless ordered to do so by the court (145 Ill.

2d R. 286(a); *Harmon Insurance Agency, Inc. v. Thorson* (1992), 226 Ill. App. 3d 1050, 1052) and, as such, a defendant need not formally plead an affirmative defense. (See *Harmon*, 226 Ill. App. 3d at 1052.) However, a defendant in a small claims case "must at least raise the defense prior to the conclusion of defendant's case in chief so that the plaintiff will have an opportunity for fair rebuttal." (*Harmon*, 226 Ill. App. 3d at 1052.) Without a record of the proceedings below, it is impossible to determine whether these principles were violated.

Plaintiff's contention that *laches* is only a defense to a claim for equitable relief arguably presents a question of law which might be answered without reference to the evidence presented at trial. It is a question, however, that has not been answered uniformly by the courts in this State. (See *Effingham State Bank v. Blades* (1985), 139 Ill. App. 3d 259, 261.) While some decisions maintain that the doctrine of *laches* is limited to actions in equity (*e.g., People ex rel. Mc-Coy v. Sherman* (1984), 123 Ill. App. 3d 444, 446; *Mother Earth, Ltd. v. Strawberry Camel, Ltd.* (1979), 72 Ill. App. 37, 52), it has also been held that the doctrine is not strictly and unequivocally limited to suits in equity (*Coleman v. O'Grady* (1990), 207 Ill. App. 3d 43, 52; *Bays v. Matthews* (1982), 108 Ill. App. 3d 1112, 1116; see also *Kotsias v. Continental Bank* (1992), 235 Ill. App. 3d 472, 477-78). In *Bays v. Matthews* (1982), 108 Ill. App. 3d 1112, 1116, the court stated that "[i]t would appear that as a general proposition that it is true that *laches* is primarily an equitable defense; however, numerous exceptions have been forged by Illinois courts." Plaintiff notes that a contract action for damages is not among the exceptions identified in *Bays*. However, *Bays* did not purport to set out an exhaustive list of such exceptions. We do not consider ourselves obliged to answer the question whether *laches* might bar a contract action for damages in a factual vacuum.

Even assuming, *arguendo,* that plaintiff is correct in its assertion that its contract claim for attorney fees pursuant to a retainer agreement was not barred by the affirmative defense of *laches*, it still does not follow that plaintiff would have prevailed on the merits of that claim. Leaving aside the question of the affirmative defense of *laches*, it is impossible to determine from the record what view the trial court took of whatever evidence may have been presented regarding the merits of plaintiff's contract claim. While it appears from the handwritten docket entry quoted above that the trial court considered the doctrine of *laches* significant, we cannot conclude that *laches* was the *only* basis for the court's decision. We note the trial court's reference to an oral modification of the retainer agreement. In their briefs, both parties acknowledge that an issue regarding an

alleged oral modification of the retainer agreement arose at trial. However, while plaintiff asserts that the trial court found in its favor on the issue, defendant takes a contrary view. We will not speculate about the nature of this dispute or how it was resolved in the trial court. We mention this matter simply because it tends to illustrate the danger in assuming that the issue of *laches* is necessarily dispositive of this appeal.

To summarize, we find the record on appeal to be insufficient to facilitate review of plaintiff's arguments on appeal.

Accordingly, the judgment of the circuit court of Du Page County must be affirmed.

Affirmed.

BOWMAN and DOYLE, JJ., concur.