2022 IL App (1st) 211354-U

No. 1-21-1354

Order filed August 4, 2022

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| IRENE EMERSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 20 M2 3388 |
| ALEXANDRA FILIPOV and CAGAN, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Jack J. Hagerty, |
| (Alexandra Filipov, appellee). | ) | Judge, presiding. |

JUSTICE ROCHFORD delivered the judgment of the court.
Justices Lampkin and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's judgment for defendant because, in the absence of a
report of proceedings, we must presume the court's ruling was in conformity with
the law and had a sufficient factual basis.

¶ 2    Plaintiff Irene Emerson appeals, *pro se*, from an October 18, 2021, order entered in favor

of defendant Alexandra Filipov in this small claims action concerning water damage to plaintiff's

apartment. Although defendant did not file a response brief in this court, we may proceed under

the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), and have ordered the appeal taken on plaintiff's brief and the record alone. We affirm the circuit court's judgment where plaintiff failed to provide a complete record on appeal to support her claims of error.

¶ 3       The record on appeal, which does not contain a report of proceedings, shows that on November 20, 2020, plaintiff, identifying herself as an apartment-dweller in Skokie, filed a small claims complaint against defendant, a resident of Connecticut, and "Cagan," a company in Skokie. In her complaint, plaintiff claimed her apartment unit was damaged when defendant's "tenant" caused water from the upstairs unit to leak into plaintiff's unit. Cagan Management Group ("Cagan") filed its appearance. On March 8, 2021, the circuit court entered an order dismissing Cagan with prejudice and entered an *ex parte* default judgment of $800 against defendant.

¶ 4       Defendant filed a motion to vacate the default judgment, stating she had moved and had not been properly served and the court granted her motion. After being served at her new address in Connecticut, defendant entered a *pro se* appearance, requesting a bench trial. The court set the case for trial on October 18, 2021. On that date, the court entered a form order indicating both plaintiff and defendant were present, judgment was entered for defendant "after trial," and the order was final and appealable.

¶ 5       Plaintiff timely appealed. Defendant did not file an appellee brief, and we ordered the appeal taken for consideration on the record and plaintiff's brief alone.

¶ 6       Plaintiff drafted her *pro se* brief using only a portion of a form brief approved by our Supreme Court but did not complete the form. She stated only the following:

> "1st court was 8 Mar 2021 in Skokie and I got the verdict—judgment which Alexand[r]a Filipov was a no show[.] She used same lawyer 2d time[.] Then now

I'm appealing all because Alexand[r]a Filipov's apt. above my apt[.] had a leak which damaged my dishwasher—water was all over in dishwater and the floor I was mopping all[.] The plum[b]er Jimmie Kurtovic *** [.] I'm suing for $950.00[.] The person is: Alexand[r]a Filipov *** [.] Also Jimmie the plum[b]er told me it was caused upsta[ir]s above me & he was paid—Alexandra wants to get away with this[.] One other time her toilet upsta[ir]s caused problem—my ceiling had to be fixed[.] She lives in Connecticut & she was down & I told Jimmie, and after a yr she paid him!"[1]

¶ 7    Plaintiff's brief does not comply with the requirements of Illinois Supreme Court Rule 341(h). See Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020). The brief *inter alia* indicates no issues for review, specifies no legal or factual basis for the appeal, and fails to include a statement of facts, a proper summary statement, an introductory paragraph, a statement of the issues presented for review, or an argument section. See Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020).

¶ 8    Supreme court rules are not mere suggestions and must be followed. *North Community Bank v. 17011 S. Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 14. Plaintiff's *pro se* status does not excuse her from compliance with these rules. *Coleman v. Acpakpan*, 402 Ill. App. 3d 822, 825 (2010). Indeed, an appellant's noncompliance subjects the appeal to potential dismissal. *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005).

¶ 9    However, rather than dismissing the appeal on the basis of plaintiff's failure to comply with the supreme court rules, we affirm the trial court's ruling based on plaintiff's failure to provide a record of proceedings before the circuit court. In general, "[t]o determine whether the [circuit] court made the error which appellant is claiming, a court of review must have before it the record of the proceedings where the error was allegedly made." *King v. Find-A-Way Shipping, LLC*, 2020 IL App (1st) 191307, ¶ 31. In lieu of the report of proceedings, the record on appeal may include

---

[1] The omitted text consists solely of the contact information of defendant and the full name and contact information of the plumber.

a bystander's report or an agreed statement of facts. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021) (providing that the record on appeal shall include, *inter alia*, "any report on proceedings prepared in accordance with Rule 323"); Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017) (providing that, in lieu of a trial transcript, an appellant may file a bystander's report or an agreed statement of facts). Here, the record on appeal contains neither.

¶ 10    The burden of presenting a sufficiently complete record to support the claims of error lies with the appellant as the party making those claims—here, plaintiff—and the reviewing court will resolve against the appellant any doubts arising from the incompleteness of the record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). The fact that this matter involves a small claims judgment does not relieve plaintiff, as the appellant, of the burden to present a sufficiently complete record of the proceedings to support her claim of error. *Northern Illinois Gas Co. v. Murphy Excavating*, 212 Ill. App. 3d 486, 489 (1991).

¶ 11    An appellant's failure to present such a report of proceedings does not automatically mandate the dismissal of the appeal or affirmance of the circuit court's judgment, provided the record as it stands allows the resolution of the issues on appeal. *Landau & Associates, P.C. v. Kennedy*, 262 Ill. App. 3d 89, 92 (1994). However, here, such resolution is impossible: the record as it stands provides no basis for discerning defendant's liability for the alleged damage or the circuit court's decision.

¶ 12    Plaintiff's brief, quoted above, presents a matter that "is inherently factual and not amenable to review without a report of proceedings." See *Landau & Associates, P.C.*, 262 Ill. App. 3d at 92. Without the transcripts from the trial, a bystander's report, or an agreed statement of facts from proceedings below, we cannot know what, if any, evidence the court below considered in

reaching its ruling. See *Pate v. Wiseman*, 2019 IL App (1st) 190449, ¶ 17 (" 'An issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding.' ") (quoting *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005)).

¶ 13    Where, as here, the record on appeal is incomplete or fails to demonstrate the error alleged, we will not speculate as to what if any errors the circuit court may have committed. *Smolinski v. Vojta*, 363 Ill. App. 3d 752, 757 (2006). Rather, we "should actually 'indulge in every reasonable presumption favorable to the judgment from which the appeal is taken, including that the [circuit] court ruled or acted correctly.' " *Id.* at 757-58 (quoting *People v. Majer*, 131 Ill. App. 3d 80, 84 (1985)). Indeed, plaintiff's failure to provide a complete record requires us to "presume" the circuit court's order "was in conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 391-92. In such cases, we must affirm the circuit court's judgment. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 9. We therefore affirm the judgment in favor of defendant.

¶ 14    Affirmed.