2022 IL App (1st) 200887-U

No. 1-20-0887

Order filed September 29, 2022

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| VERUNIKA DUJMOVIC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 OP 74009 |
| | ) | |
| LUIS HERRERA, | ) | Honorable |
| | ) | Raul Vega and |
| Respondent-Appellee. | ) | Levander Smith, Jr., |
| | ) | Judges, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the circuit court's judgment where petitioner failed to provide a complete
record on appeal to support her claims of error.

¶ 2    Following a hearing, the trial court entered an order that, *inter alia*, denied petitioner

Verunika Dujmovic's petition for a protective order against respondent Luis Herrera and granted

his petition for monetary sanctions against her. The court subsequently denied petitioner's motion

to vacate the judgment and granted respondent's second petition for sanctions against her. On appeal, petitioner argues *pro se* that the trial court's orders should be vacated. We affirm.

¶ 3    The record on appeal consists only of a common law record, from which this court has discerned the following facts.[1]

¶ 4    On June 16, 2017, petitioner filed a *pro se* petition for an order of protection against respondent. Petitioner alleged that, on April 13, 2015, respondent "raped [her] and videotaped his friends raping [her]" and that thereafter the video was shown to others. She further alleged that she was later informed that a "picture" of her was posted online, that respondent and others were posting "still pictures" to pornographic websites without her consent, and that "harassing comments" were "posted on twitter."

¶ 5    The trial court denied the petition, finding petitioner's evidence insufficient to support an emergency order of protection, but continued the matter to permit service on respondent. Respondent eventually appeared through counsel and the court continued the matter for discovery. Petitioner obtained an extension of time upon motion to answer respondent's written discovery requests but then failed to provide substantive answers.

¶ 6    Respondent filed a motion to compel discovery responses, for attorneys' fees, and for sanctions against petitioner pursuant to Illinois Supreme Court Rule 219(c) (eff. July 1, 2002). The court granted the motion as to sanctions, barring petitioner from "using documents requested in

---

[1] Petitioner obtained numerous extensions of time to file the record on appeal, stating in her motions that "correction" of transcripts of trial court proceedings was needed and noting her correspondence with the Circuit Court of Cook County's Office of Official Court Reporters regarding the same. She also filed a motion to compel the correction of transcripts; we denied the motion on the basis that disputes over the accuracy of transcripts must be resolved by the circuit court. Ill. S. Ct. R. 329 (eff. July 1, 2017).

discovery or hearing" and from "maintaining any particular claim[,] counterclaim[,] or defense relating to any issue to which the refusal or failure relate[d]." The court also granted respondent leave to file a petition for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018).

¶ 7    In his petition for monetary sanctions pursuant to Rule 137, respondent sought reimbursement for his attorney fees and costs, alleging that petitioner had filed the petition for protective order for an improper purpose and without factual basis.

¶ 8    On May 22, 2019, following a hearing, the court granted respondent's motion for sanctions, imposing a $2,085 judgment against petitioner. It granted respondent's motion for a directed finding on petitioner's petition for protective order based on failure to present evidence, denied that petition with prejudice, and denied petitioner's oral motion for a continuance. The order noted petitioner was granted 47 minutes to present her motion in court but "continued to yell and argue with the court," and, despite multiple opportunities to provide testimony, she refused.

¶ 9    On June 21, 2019, petitioner filed a motion to vacate the May 22, 2019, order and seeking sanctions against respondent.[2] She claimed that the hearing of May 22, 2019, was conducted "while [she] was removed for crying and placed in hallway" and that the order was entered in her absence. She also requested an extension of time to permit her to retain counsel.

¶ 10    On December 4, 2019, respondent filed a response to petitioner's motion to vacate. On January 7, 2020, he filed a second Rule 137 petition against petitioner for attorney fees, costs, and sanctions, in which he argued that her motion to vacate was factually and legally groundless.

---

[2] Although petitioner's motion to vacate does not specify the court's May 22, 2019, order, that order is clearly the subject of the motion.

¶ 11    On January 28, 2020, petitioner filed a response to the new Rule 137 petition, attaching, *inter alia*, images of police reports; text messages related to the allegations in her petition for protective order; and her "Affidavit" containing allegations of respondent's past conduct and the May 22, 2019, hearing. On February 26, 2020, petitioner filed an "Amended Affidavit."

¶ 12    On July 20, 2020,  the court entered a written order denying petitioner's motion to vacate the May 22, 2019, order and granting respondent's Rule 137 petition for sanctions against petitioner in the amount of $1,662.50, the attorney fees respondent incurred as a result of petitioner's motion to vacate. The order noted that "[d]etailed findings by the Court are contained on the July 20, 2020[,] record" and that allegations in petitioner's motion to vacate "were not factual and contradicted explicit judicial findings."

¶ 13    On August 19, 2020, petitioner filed her notice of appeal, listing May 22, 2019, and July 20, 2020, "including dismissal of the petition," as the dates of the orders appealed from.

¶ 14    Initially, we note that respondent, as appellee, has not filed a brief in this court. However, because we can decide the claimed errors without the aid of an appellee's brief, we have ordered the case taken for consideration on petitioner's brief and the record alone pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 15    Our review of this appeal is impeded by petitioner's failure to submit a brief that complies with the rules of our supreme court. Her sole contention—that the trial court "made a mistake by granting order for [respondent]"—does not amount to a cogent legal argument. See Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020) (governing the form and content of appellate briefs). Petitioner's status as a *pro se* appellant does not relieve her of the obligation to comply with mandatory appellate procedures. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Although petitioner drafted

her brief using a form that is approved by the Illinois Supreme Court, her filed brief omits the pages of the form that include the "Statement of Facts" and "Argument" sections, which are required by Illinois Supreme Court Rule 341(h). See Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Supreme Court rules are compulsory, not mere suggestions. *North Community Bank v. 17011 S. Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 14. Where an appellant's brief fails to conform with those rules, this court has the inherent authority to dismiss the appeal. *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005).

¶ 16    That said, our affirmance is mandated by another deficiency: the absence of a record of proceedings. Petitioner, as the appellant, bears the burden of submitting a sufficiently complete record on appeal to support her claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Here, as noted, the record on appeal contains only the common law record. Petitioner has provided no reports of proceedings, or, in lieu of that, bystander reports or agreed statements of facts from the relevant hearings. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021) (providing that the record on appeal shall include, *inter alia*, "any report of proceedings prepared in accordance with Rule 323"); Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017) (appellant may, where no verbatim transcript is available, file a bystander's report, or the parties may agree by written stipulation to a statement of facts).

¶ 17    We acknowledge that the failure to present a report of proceedings, bystander report, or agreed statement of facts does not necessarily mandate a ruling adverse to the appellant if the record as it stands permits resolution of the issues on appeal. *Landau & Associates, P.C. v. Kennedy*, 262 Ill. App. 3d 89, 92 (1994). However, here, the record is so incomplete as to afford no basis for discerning error on the part of the trial court—particularly given that the July 20, 2020, order states that detailed findings were made on the record and that petitioner neither testified nor

presented evidence. Whether the trial court erred in denying the petition for protective order or in awarding sanctions against petitioner are issues that are "inherently factual and not amenable to review without a report of proceedings." *Landau & Associates, P.C.*, 262 Ill. App. 3d at 92. " 'An issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding.' " *Pate v. Wiseman*, 2019 IL App (1st) 190449, ¶ 17 (quoting *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005)).

¶ 18     Where, as here, the record on appeal is so deficient, a reviewing court cannot speculate as to what error occurred. *Smolinski v. Vojta*, 363 Ill. App. 3d 752, 757-58 (2006). Rather, we must "presume" that the trial court's judgments were "in conformity with law and had a sufficient factual basis" and resolve any doubt arising from the incompleteness of the record against the appellant—here, petitioner. *Foutch*, 99 Ill. 2d at 391-92. Accordingly, as the record is insufficient to overcome the presumption that the trial court's orders complied with the law and had a sufficient factual basis,  we must affirm. See *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 9.

¶ 19     For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 20     Affirmed.