2024 IL App (1st) 221295-U

No. 1-22-1295

Order filed January 10, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DENNIS STARR, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2021 M6 7799 |
| | ) | |
| DAVID J. JONES, | ) | Honorable |
| | ) | Matthew Carmody, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE D.B. WALKER delivered the judgment of the court.
Justices Lampkin and Van Tine concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Where plaintiff failed to present an adequate record on appeal, we affirm the judgment of the circuit court.

¶ 2   Plaintiff Dennis Starr appeals *pro se* from a small claims order issued by the circuit court after a contested trial, entering judgment for defendant, David J. Jones. Although defendant has not filed a response brief, we may proceed under the principles set forth in *First Capitol Mortgage*

*Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), and have ordered the appeal taken on plaintiff's brief and the record alone. Due to the inadequacy of the record, we affirm.

¶ 3 The following background is derived from the limited record on appeal, which consists solely of the common law record. No reports of proceedings are included in the record.

¶ 4 On November 5, 2021, plaintiff filed a complaint, claiming that defendant owed him $4,300 plus costs. Plaintiff alleged that on December 9, 2013, defendant borrowed $1,000 from him and agreed to repay the loan with 12 monthly payments of $100, commencing on May 15, 2014. According to plaintiff, despite repeated requests, defendant failed to make any payments and plaintiff "subsequently lost contact with the defendant." Plaintiff attached two exhibits to his complaint. The first was a document setting forth the terms of the loan as described by plaintiff in his complaint and specifying an interest rate of "20 per cent per annum." At the bottom of the document, a signature appears to be "David Jones." The second exhibit was a document setting forth a schedule of payments, ending with an amount of $4,300 due at the end of 2021.

¶ 5 On July 26, 2022, the circuit court issued a written small claims order, entering judgment for defendant. The order indicated that plaintiff and defendant were present in court, that a trial was held, and that there was no just reason to delay enforcement or appeal of the order. Plaintiff filed a timely *pro se* notice of appeal on August 24, 2022.

¶ 6 In his brief on appeal, plaintiff contends that the circuit court made a mistake by rejecting his request to present five prior promissory notes signed by defendant to refute defendant's claim

that the signature on the document at issue was not his.[1] According to plaintiff, at trial, the court asked defendant if the signature on the document was his and he replied, "No." Plaintiff asked the court whether, as rebuttal, he could show it five prior notes signed by defendant, but the court said, "No." Plaintiff objected, and the court "then stated it was a 'toss-up' as to who was telling the truth and then [it] ruled for the defendant." In support of his contention, plaintiff cites several Illinois Rules of Evidence and section 8-1501 of the Code of Civil Procedure (735 ILCS 5/8-1501 (West 2022)).

¶ 7 As a threshold matter, we must address the inadequacy of the record, as plaintiff has not included in the record on appeal any transcripts of proceedings from July 26, 2022, nor any acceptable substitutes, such as a bystander's report or an agreed statement of facts pursuant to Illinois Supreme Court Rule 323 (eff. July 1, 2017).

¶ 8 Our supreme court has long held that, in order to support a claim of error on appeal, the appellant has the burden to present a sufficiently complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). This duty applies even to *pro se* litigants (*Rock Island County v. Boalbey*, 242 Ill. App. 3d 461, 462 (1993)) and in appeals from judgments in small claims cases (*Landau & Associates, P.C. v. Kennedy*, 262 Ill. App. 3d 89, 92 (1994)). Any doubts arising from an incomplete record must be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. In the absence of transcripts or acceptable substitutes, it is presumed that the order entered by the circuit court was in conformity with the law and had a sufficient factual basis. *Watkins v. Office of State Appellate Defender*, 2012 IL App (1st) 111756, ¶ 19. Where the record on appeal is inadequate to

---

[1] Prior to filing his brief, plaintiff filed a motion in this court requesting that he be allowed to enter five "prior promiss[o]ry notes" into the record on appeal as exhibits. Noting that the exhibits had not been certified with the clerk of the circuit court, we denied the motion for failure to comply with Illinois Supreme Court Rule 329 (eff. July 1, 2017) on December 8, 2022.

support a claim of error, this court may dismiss an appeal or, as an alternative, summarily affirm the circuit court's judgment. *Graves v. Cook County Republican Party*, 2020 IL App (1st) 181516, ¶ 39.

¶ 9 When faced with a challenge to a trial court's judgment following a bench trial, we will reverse only if the judgment is against the manifest weight of the evidence. *Vician v. Vician*, 2016 IL App (2d) 160022, ¶ 27. A finding is against the manifest weight of the evidence if it appears from the record that the opposite conclusion is apparent or when the finding is arbitrary, unreasonable, or not based on the evidence. *Id.* Decisions involving the admissibility of evidence are within a circuit court's sound discretion and will not be reversed absent an abuse of that discretion. *Obermeier v. Northwestern Memorial Hospital*, 2019 IL App (1st) 170553, ¶ 133. A circuit court abuses its discretion when its ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view it adopted. *In re Marriage of Heroy*, 2017 IL 120205, ¶ 24.

¶ 10 Given the applicable standards of review in this case, a transcript of proceedings or acceptable substitute would be necessary for us to reach the merits of this appeal. See, *e.g.*, *National Collegiate Student Loan Trust 2007-2 v. Powell*, 2022 IL App (2d) 210191, ¶ 30 ("[N]otwithstanding *Foutch*, a record of the proceedings in the lower court may be unnecessary when an appeal raises solely a question of law, which we review *de novo*."). Here, the record does not reveal what evidence was presented at the trial, what evidence the circuit court allowed or refused to admit, what arguments the parties made, or what constituted the basis for the circuit court's decisions. As such, we cannot determine whether the court abused its discretion in ruling on the admissibility of evidence or whether its ultimate judgment for defendant was against the

manifest weight of the evidence. We must presume that the court followed the law and had a sufficient factual basis for its ruling. *Watkins*, 2012 IL App (1st) 111756, ¶ 19.

¶ 11    In summary, plaintiff has failed to provide a record sufficient to review the circuit court's judgment. While we choose not to dismiss this appeal, we conclude that the inadequate record makes meaningful review of plaintiff's arguments impossible and requires that the circuit court's judgment be affirmed. See *Landau & Associates, P.C.*, 262 Ill. App. 3d at 92.

¶ 12    For the reasons explained above, we affirm the judgment of the circuit court.

¶ 13    Affirmed.