2025 IL App (1st) 240078-U

No. 1-24-0078

Order filed March 7, 2025

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| VANESSA SMITH, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2022 M6 9003 |
| | ) | |
| BERNARD GOODALL, | ) | Honorable |
| | ) | Carrie E. Hamilton, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MITCHELL delivered the judgment of the court.
Justice Johnson and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Where defendant failed to present a sufficiently complete record on appeal for our review, we affirm the circuit court's trial judgment in favor of plaintiff.

¶ 2     In this small claims action, defendant Bernard Goodall appeals *pro se* from a trial court order entering judgment against him and in favor of plaintiff, Vanessa Smith, in the amount of $650. On appeal, defendant contends the circuit court erred in finding in favor of plaintiff. Because

defendant has not provided a sufficiently complete record for our review on appeal, we affirm the circuit court's trial judgment and dismiss the remainder of the appeal.

¶ 3    The following background is derived from the limited record on appeal, which consists solely of the common law record. No reports of proceedings are included in the record.

¶ 4    On November 1, 2022, plaintiff filed a small claims complaint against defendant and his wife, claiming that defendant owed her $2,000. Plaintiff alleged that on August 11, 2022, defendant entered into a contract to purchase a lawn mower from her for $1,500. According to plaintiff, defendant took possession of the mower but only paid $1,100, despite plaintiff demanding the remaining balance on many occasions. Eventually, she told defendant that, if the remaining balance was not paid by October 31, 2022, "then he has broken the agreement." As relief, plaintiff sought the balance of the money owed, plus interest, or the return of the mower. Plaintiff attached a copy of an email exchange between her and defendant setting forth the terms of the sale, as well as a printout of a banking record showing payments she received from defendant.

¶ 5    Plaintiff filed an amended complaint against defendant and his wife on January 13, 2023, adding an allegation that defendant had borrowed from her, and failed to return, a spreader with attachments, a trencher/edger, and a gas can. On January 23, 2023, plaintiff filed a second amended complaint, listing only defendant as a defendant, and claiming that he owed her $4,476.75 as the mower was valued at $4,028, the spreader was valued at $344.76, a hitch-pin was valued at $14.99, and the trencher/edger was valued at $89.00. She sought an order of replevin and judgment against defendant for possession of the identified items, the monetary value of the property not delivered, and damages.

¶ 6 Defendant filed motions to dismiss on March 10, 2023, May 17, 2023, June 21, 2023, and August 31, 2023. The record does not reflect whether the circuit court ruled on these motions.

¶ 7 On November 20, 2023, the circuit court issued a written trial call order, entering judgment for plaintiff and against defendant in the amount of $650. The order indicated that plaintiff and defendant were present in court and that a trial was held. Defendant filed a timely *pro se* notice of appeal on December 19, 2023, identifying November 20, 2023, "Jan. 18, 2023?" and "Jan. 25, 2023?" as the dates of the orders or judgments he wished to appeal.

¶ 8 In his brief on appeal, defendant challenges the November 20, 2023, judgment in favor of plaintiff. He contends that the circuit court made a mistake by allowing plaintiff to read "messages" from a cell phone and by not giving him an opportunity for rebuttal. Defendant asserts that plaintiff submitted "incorrect/invalid" information and calculations to the court and violated rules of civil procedure. He argues that the court "never bothered to recalculate or recount the amount of money paid out," did not allow him to "present courtesy copies of evidence that had already been inserted in Court file/record," failed to explore his bank records, and overlooked the truth. He further argues that the case should have been dismissed because service of process was improper, asserts that he never entered into a written contract with plaintiff, and maintains that he paid her in full.

¶ 9 Although plaintiff has not filed a response brief, we may proceed under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) and have ordered the appeal taken on defendant's brief and the record alone.

¶ 10 As a threshold matter, we must address the inadequacy of the record, as defendant has not included in the record on appeal any transcripts of proceedings from November 20, 2023, nor any

acceptable substitutes, such as a bystander's report or an agreed statement of facts pursuant to Illinois Supreme Court Rule 323 (eff. July 1, 2017).

¶ 11     Our supreme court has long held that, in order to support a claim of error on appeal, the appellant has the burden to present a sufficiently complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). This duty applies even to *pro se* litigants (*Rock Island County v. Boalbey*, 242 Ill. App. 3d 461, 462 (1993)) and in appeals from judgments in small claims cases (*Landau & Associates, P.C. v. Kennedy*, 262 Ill. App. 3d 89, 92 (1994)). Any doubts arising from an incomplete record must be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. In the absence of transcripts or acceptable substitutes, it is presumed that the order entered by the circuit court was in conformity with the law and had a sufficient factual basis. *Watkins v. Office of State Appellate Defender*, 2012 IL App (1st) 111756, ¶ 19. Where the record on appeal is inadequate to support a claim of error, this court may dismiss an appeal or, as an alternative, summarily affirm the circuit court's judgment. *Graves v. Cook County Republican Party*, 2020 IL App (1st) 181516, ¶ 39.

¶ 12     Substantively, defendant here challenges the circuit court's findings of fact, including its calculation of the damage award, and its admission of evidence at the bench trial. When faced with a challenge to a trial court's judgment following a bench trial, we will reverse only if the judgment is against the manifest weight of the evidence. *Vician v. Vician*, 2016 IL App (2d) 160022, ¶ 27. A finding is against the manifest weight of the evidence if it appears from the record that the opposite conclusion is apparent or when the finding is arbitrary, unreasonable, or not based on the evidence. *Id.* Decisions involving the admissibility of evidence are within a circuit court's sound discretion and will not be reversed absent an abuse of that discretion. *Obermeier v. Northwestern*

*Memorial Hospital*, 2019 IL App (1st) 170553, ¶ 133. A circuit court abuses its discretion when its ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view it adopted. *In re Marriage of Heroy*, 2017 IL 120205, ¶ 24.

¶ 13    Given the evidentiary issues and applicable standards of review in this case, a transcript of proceedings or acceptable substitute is necessary for us to reach the merits of this appeal. See, *e.g.*, *National Collegiate Student Loan Trust 2007-2 v. Powell*, 2022 IL App (2d) 210191, ¶ 30 ("[N]otwithstanding *Foutch*, a record of the proceedings in the lower court may be unnecessary when an appeal raises solely a question of law, which we review *de novo*."). Here, the record does not reveal what evidence was presented at the trial, what evidence the circuit court allowed or refused to admit, what arguments the parties made, or what constituted the basis for the circuit court's decisions. As such, we cannot determine whether the court abused its discretion in ruling on the admissibility of evidence or whether its ultimate judgment for plaintiff was against the manifest weight of the evidence. We must presume that the court followed the law and had a sufficient factual basis for its ruling. *Watkins*, 2012 IL App (1st) 111756, ¶ 19.

¶ 14    As a final matter, we note that, in his December 19, 2023, notice of appeal, defendant included "Jan. 18, 2023?" and "Jan. 25, 2023?" as additional dates of orders or judgments he wanted to appeal. In his brief, defendant does not identify an order entered on January 25, 2023, and makes no argument directed to such an order. He identifies January 18, 2023, as the date on which the circuit court found plaintiff improperly served him with process, arguing that the case should have been dismissed on this basis. However, the record on appeal does not reflect that the circuit court entered orders on either of those dates.

¶ 15    In summary, defendant has failed to provide a record sufficient to review the circuit court's judgment in favor of plaintiff. The inadequate record makes meaningful review of defendant's arguments regarding the November 20, 2023, judgment impossible and requires that the circuit court's judgment in favor of plaintiff be affirmed. See *Landau & Associates, P.C.*, 262 Ill. App. 3d at 92.

¶ 16    For the reasons explained above, we affirm.

¶ 17    Affirmed.